IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOSEPH CALLOWAY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. |
| : | 5:09-CV-182 (HL) |
| MIKE BURNS, Chief of Police of : | |
| Macon Police Department, and : | |
| MACON POLICE DEPARTMENT : | |
| : | |
| Defendants. : | |
| : | |
| : | |

## ORDER

**I.    INTRODUCTION**

Plaintiff Joseph Calloway is a former police officer with the City of Macon Police Department. On May 22, 2009, Calloway filed a pro se Complaint (Doc. 1) against the Macon Police Department, and Mike Burns, the Department's Chief of Police. The Complaint alleges that Defendants violated Title VII by discriminating against Calloway on the basis of his race and gender and by retaliating against him. Calloway also filed a Motion to Proceed In Forma Pauperis ("IFP") (Doc. 2).

On May 27, 2009, this Court entered an Order (Doc. 3) granting Plaintiff's Motion to Proceed IFP. In that same Order, the Court screened Plaintiff's claims pursuant to the IFP statute, 28 U.S.C. § 1915(e)(2). This resulted in the dismissal

of Plaintiff's claim against the Macon Police Department and his individual capacity claim against Burns.  After entry of that Order, only Plaintiff's official capacity claim against Burns remained.

On May 28, 2009, Plaintiff filed an Amended Complaint.  Plaintiff's Amended Complaint names the following new Defendants: (1) City of Macon, Georgia; (2) Benjamin Hubbard; (3) Charles Stone; (4) Wayne Avery; (5) Gary Adams; and (6) Chuck E. Reynolds.  The individual Defendants, all employees of the Macon Police Department, were sued in both their individual and official capacities.

## II.   DISCUSSION

Because Plaintiff is proceeding IFP, this Court is required to screen his Complaint and dismiss it, or any portion thereof, if it (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Reviewing Plaintiff's Complaint under this statute, the Court finds that all individual Defendants, including Burns, should be dismissed in both their individual and official capacities.

As stated in the Court's May 27th Order, individual capacity suits cannot be brought under Title VII.  As a result, the newly named Defendants are dismissed in their individual capacities.

In addition, all of the newly named Defendants, plus Burns, should be dismissed in their official capacities.  "Official capacity suits...'generally rerpresent

only another way of pleading an action against an entity of which an officer is an agent.'" Kentuck v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n.55 (1978)).  Thus, Plaintiff's official capacity claims against City of Macon employees are simply another way of suing the City.  Because Plaintiff has now named the City of Macon as a Defendant, Plaintiff's official capacity claims against City employees are superfluous. Therefore, all of Plaintiff's official capacity claims are dismissed.  The only remaining claim is against the City of Macon.

### III. CONCLUSION

All individual Defendants are dismissed in both their individual and official capacities.  The only remaining Defendant is the City of Macon.

**SO ORDERED**, this the 2nd day of June, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc